UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY WORTHY, #415988,                    )
      Plaintiff,                          )
                        )      No. 1:23-cv-574
v.                                        )
                        )      Honorable Paul L. Maloney
HEIDI WASHINGTON, *ET AL.*,               )
      Defendants.                         )
                                          )

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Kent's Report and Recommendation (R&R), (ECF No. 75), in which he recommended that Defendants Burt, Steward, and King's motion for summary judgment be granted, (ECF No. 62), and that Plaintiff's motion for summary judgment be denied, (ECF No. 53). Plaintiff objected to the R&R, (ECF No. 78), and Defendants responded to those objections, (ECF No. 81). After reviewing the objections, the Court finds no error in the Magistrate Judge's analysis. The R&R will thus be adopted in full, Defendants' motion will be granted, and Plaintiff's motion will be denied.

## I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de

novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). The Court's Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

Courts grant summary judgment on an issue when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable factfinder could find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Courts make all "reasonable inferences" in favor of the nonmovant when reviewing the record. *Malick v. Croswell-Lexington Dist. Schs.*, 148 F.4th 855, 861 (6th Cir. 2025).

## II.

Plaintiff brought Eighth Amendment claims, alleging that Defendants were deliberately indifferent to an obvious risk of harm to him. Specifically, he alleges that Defendants caused his exposure to COVID-19 in 2020. In the R&R, Magistrate Judge Kent found that Plaintiff produced enough evidence to satisfy the objective component of an Eighth Amendment deliberate indifference claim, but not the subjective component. Plaintiff

2

raises numerous objections; the Court will address each in the order it was presented in Plaintiff's brief.

First, Plaintiff argues that his verified complaint constitutes evidence. Plaintiff does not identify any part of the R&R where that observation would change the analysis. Further, to the extent that Judge Kent relied on Plaintiff's deposition instead of the complaint, he did so because the deposition shed light on the factual bases underlying allegations in the complaint. (*See, e.g.,* ECF No. 75 at PageID.695). On summary judgment, courts assess not whether there is a "scintilla of evidence in support of the plaintiff's position" but whether the record as a whole could reasonably sustain a verdict for the plaintiff. *Anderson,* 477 U.S. at 252. This objection is thus not specific enough to sustain, but to the extent the Court can imagine how it could apply, it would not reveal any error.

Second, Plaintiff argues that Juge Kent improperly weighed competing sworn declarations. Plaintiff lists pieces of evidence in the record he says should be given equal weight to evidence from Defendants. Again, Plaintiff does not identify any portion of the R&R where this argument would change the analysis. While it is true that the record must be viewed in the light most favorable to Plaintiff as the nonmoving party, Plaintiff did not identify any part of the R&R where Judge Kent failed to do this. This objection is thus overruled.

Third, Plaintiff argues that Defendant Burt's declaration contains a contradiction. It is not clear, if true, what conclusion in the R&R would become suspect. But Plaintiff's argument is incorrect on its face; Plaintiff seems to believe that all inmates who were in Unit 2 were "close-contacts" or "persons-under-investigation," (ECF No. 78 at PageID.709), when

3

there is no evidence that was the case, (ECF No. 75 at PageID.695). Plaintiff also argues that the date of his diagnosis with COVID-19 creates a genuine dispute of fact. Plaintiff does not explain how this alone is sufficient to create a genuine dispute of *material* fact about whether Defendants were deliberately indifferent to his needs. This objection will thus be overruled.

Fourth, Plaintiff argues that if any prisoners were transferred from Unit 2 to Unit 4, that creates a genuine dispute of material fact about whether Defendants enforced quarantine policy. This relies on the same premise, for which there is no evidence, that all Unit 2 prisoners were close contacts or persons under investigation for purposes of the policy. Judge Kent properly analyzed the policy and the evidence regarding Defendants' enforcement of it. (*See id.* at PageID.693-95). This objection is thus overruled.

Fifth, Plaintiff argues that evidence regarding an Emergency Response Team deployment corroborates his claim that prisoners were moved. The mere fact of some prisoners moving would not suffice to establish Plaintiff's claim. Plaintiff does not identify any part of the analysis in the R&R this would change; while Judge Kent did not reference the Emergency Response Team explicitly, it is not immediately obvious how this piece of evidence in isolation would change any of his conclusions. This objection is thus overruled.

Sixth, Plaintiff argues that Judge Kent applied the wrong legal standard by "treating some response as a complete defense" to an Eighth Amendment claim. (ECF No. 78 at PageID.712). Plaintiff does not identify any part of Judge Kent's analysis where he did this, and it is apparent he did not. Judge Kent properly cited the legal standard for the subjective component of an Eighth Amendment claim and relied on cases specifically analyzing what constitutes a reasonable response to the threat of COVID-19. (*See* ECF No. 75 at

4

PageID.691-92). The crux of Plaintiff's argument appears to be that Defendants moved "prisoners who should have remained quarantined," (ECF No. 78 at PageID.714), but as the Court has already explained, there was insufficient evidence to support that claim. This objection is thus overruled.

Seventh, Plaintiff argues that Defendants should not be entitled to qualified immunity. Defendants did not raise a qualified immunity defense and Judge Kent did not improperly raise it *sua sponte.* This objection is thus overruled.

Eighth, Plaintiff argues that parties are not entitled to qualified immunity at the summary judgment stage if there is a genuine question of material fact regarding whether they violated clearly established law. While generally accurate as an observation about the law, it is irrelevant here for reasons already explained.

Ninth, Plaintiff objects to Judge Kent's citation of portions of his deposition indicating that Plaintiff had not seen any paperwork that Unit 2 inmates who had moved to Unit 4 had COVID-19 or were in close contact with others who had COVID-19. Plaintiff argues that he did not have access to that paperwork, and that he had other forms of evidence indicating that the moved prisoners were "positive, close contacts, or awaiting test results." (ECF No. 78 at PageID.716). Plaintiff does not indicate what those other forms of evidence were, whether they were in the record before the Court, or whether Judge Kent properly analyzed them. Judge Kent did not impose a legal requirement that Plaintiff present medical documentation about the other prisoners. He concluded that the record as a whole did not support Plaintiff's contentions and cited Plaintiff's admission that he had not seen any

5

medical documentation as one of several pieces of evidence leading to that conclusion. (ECF No. 75 at PageID.695). This objection is thus overruled.

Tenth, Plaintiff argues that Judge Kent interpreted the subjective prong of the Eighth Amendment analysis to require Plaintiff to prove "Defendants intended infection, or that infection was inevitable." (ECF No. 78 at PageID.717). This is not accurate; Judge Kent accurately defined the burden Plaintiff had to meet. (*See* ECF No. 75 at PageID.691-92). Plaintiff does not point to any other part of the R&R to demonstrate that Judge Kent in fact applied a different standard. This objection is thus overruled.

Eleventh, Plaintiff argues that Judge Kent did not properly weigh the kite he sent on July 25, 2020. He argues that this kite put Defendants on notice of a substantial risk to his health. But Judge Kent properly put the kite into the context of the overall record and concluded that it was insufficient to satisfy the deliberate indifference standard given the unrebutted evidence Defendants submitted. (*See id.* at PageID.694-95). This objection is thus overruled.

Twelfth, Plaintiff makes three arguments specific to Defendant King. He argues that Judge Kent improperly weighed evidence, incorrectly applied a standard that any response to COVID-19 was sufficient to not be deliberately indifferent, and found that uncertainty about the source of Plaintiff's infection was sufficient to defeat his claim. On the whole, Plaintiff's argument appears to be that the evidence that King failed to adequately enforce the six-foot social distancing rule during mealtimes is sufficient to satisfy the deliberate indifference standard, regardless of any other evidence in the record regarding King's response to the threat of COVID-19. But "failing to make use" of every option "to enable

6

physical distancing" does not make a response to COVID-19 unreasonable. *Wilson v. Williams*, 961 F.3d 829, 843 (6th Cir. 2020). As Judge Kent discussed, the record reflected other significant affirmative steps Defendant King took to mitigate the risk of COVID-19. (ECF No. 75 at PageID.696). Even if those steps were ultimately ineffective, that does not make them proof of deliberate indifference. *Wilson*, 961 F.3d at 842. This objection is thus overruled.

Thirteenth, Plaintiff argues that he submitted numerous documents and materials in support of his contentions. Plaintiff does not identify any particular part of the record that would change the analysis in a particular part of the R&R. Judge Kent had no need to individually address every piece of evidence in the record if it did not materially impact the analysis. This objection is thus overruled.

Fourteenth, Plaintiff summarizes what he believes to be genuine disputes of material fact. Each of these contentions have been addressed in the Court's treatment of previous objections. This objection is thus overruled.

Fifteenth, Plaintiff again argues that Judge Kent improperly weighed evidence. But Plaintiff does not specify how or in what part of the R&R. This objection is thus overruled.

Sixteenth, Plaintiff requests oral argument. The Court finds the written materials sufficient to resolve the issues presented. This request is denied, and the objection overruled.

Seventeenth, Plaintiff lists issues he would like to preserve for appellate review. Plaintiff makes no new or independent arguments here. This objection is thus overruled.

Eighteenth and finally, Plaintiff argues that the mitigation efforts of which Defendants put forth evidence were insufficient to prove they were not deliberately indifferent to the risk

of COVID-19. This appears to be a restatement of Plaintiff's argument that merely any response is insufficient to be a reasonable response. But again, Judge Kent did not apply that as the standard. This objection is thus overruled.

### III.

Plaintiff fails to identify any error in the R&R. Judge Kent applied the proper legal standard and concluded from the record that Plaintiff's evidence was insufficient to establish that Defendants' responses to COVID-19 constituted deliberate indifference. Plaintiff identifies evidence that Defendants' responses were imperfect, but that does not satisfy the governing standard. The R&R (ECF No. 75) is thus **ADOPTED IN FULL**. Defendants' motion (ECF No. 62) is **GRANTED**, and Plaintiff's motion (ECF No. 53) is **DENIED**.

**IT IS SO ORDERED.**

Date:   March 27, 2026                                   /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         United States District Judge

8